UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK D. PANGALLO,

    Plaintiff,

v.                                     CAUSE NO. 3:22-CV-384-DRL-MGG

OAKLAWN *et al.*,

    Defendants.

## OPINION AND ORDER

Frank D. Pangallo, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Pangallo is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Pangallo is a pretrial detainee at the St. Joseph County Jail. He alleges that beginning in January 2022, he put in several requests for "mental health" treatment for unspecified problems. He claims that at some point he was placed on suicide watch, and

at that point was prescribed a number of medications. It can be discerned from the attachments to his complaint that he was seen sometime in February 2022 and again on March 1, 2022, by Dr. Vanderstoop (first name unknown), a psychiatrist who treats detainees at the Jail. He was prescribed Seroquel, which is used to treat schizophrenia and other conditions. *See Pratt v. LaPorte Cnty.*, No. 3:21-CV-320 DRL-MGG, 2021 WL 1922965, 1 (N.D. Ind. May 13, 2021) (citing U.S. National Library of Medicine). Mr. Pangallo alleges that his medications are causing him some type of "discomfort," but claims that when he alerted Nurse Frances (last name unknown) to this issue, she only "mocked" him. He further alleges that he is not currently receiving medication for "my ADHD." Based on these events, he sues Dr. Vanderstoop and "Oaklawn," Dr. Vanderstoop's employer, seeking $1.5 million in damages and other relief.

Because Mr. Pangallo is a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pretrial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). But pretrial detainees are entitled to constitutionally adequate medical care. *Miranda*, 900 F.3d at 353-54. To state a claim for the denial of medical care, a detainee must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" related to the provision of medical care, and that the medical care received, or the denial of medical care, was "objectively unreasonable." *Id.* "[N]egligent conduct does not offend the Due Process Clause," so allegations of negligence—even gross negligence—do not suffice. *Id.* at 353.

Mr. Pangallo's complaint is very brief and light on detail.[1] He alleges generally that there was a delay in his receipt of mental health treatment, but he does not describe his mental health problems in any detail or explain what symptoms he was experiencing during this period for the court to infer that the delay was objectively unreasonable under the circumstances. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Furthermore, it is evident from the documents he attached to the complaint that he was scheduled to see the jail psychiatrist in response to his request for treatment in January 2022, and that he has been seen at least twice and prescribed medications. There is nothing to indicate Dr. Vanderstoop was the cause of any delay in treatment, or that the doctor otherwise acted in an objectively unreasonable fashion in his treatment decisions.

Although Mr. Pangallo claims he is not receiving medication for "ADHD," his claim appears to be based solely on the fact that he was taking medication for an attention deficit disorder prior to his incarceration. However, Dr. Vanderstoop is entitled to exercise his own medical judgment regarding Mr. Pangallo's care and his need for medication. Mr. Pangallo does not describe any symptoms he is having for the court to infer plausibly that the doctor acted in an objectively unreasonable fashion in declining to prescribe medication for this issue. Similarly, he does not describe what he means

---

[1] The court considers that Mr. Pangallo claims to have mental health problems. However, his complaint is fully coherent; he just doesn't elaborate on many of his general allegations.

when he says his medications are causing him "discomfort." Indeed, it is not entirely clear if he is referring to his psychotropic medications or medications he is receiving for other medical issues.[2] He has not alleged a plausible Fourteenth Amendment claim against Dr. Vanderstoop.

Notably, although he does not name Nurse Frances as a defendant, he claims that she "mocked" him in response to his health care requests. He does not elaborate, and instead directs the court to his attachments. However, the only attachment that references Nurse Frances is a response to a health care request dated April 22, 2022, in which she asks for clarification of his health care needs in response to his very general statement that he "need[s] to be seen by the Oaklawn Doctor A.S.A.P.!" (ECF 1-1 at 15.) Nurse Frances noted that he requested care from Oaklawn, which handles detainees' mental health issues, but the only medical issue he mentioned was having back pain in the middle of the night, which would be handled by a different provider. (*Id.*) Contrary to his assertion, the attachments do not show that Mr. Pangallo has been "mocked" by medical staff in response to his health care requests.

He also sues Dr. Vanderstoop's employer, Oaklawn, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983, which means Oaklawn cannot be held liable solely because it employs Dr. Vanderstoop or other medical staff at the jail. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company providing medical care at

---

[2] Several of his attachments relate to a fractured tail bone and other physical injuries he had when he arrived at the jail. He has filed a separate lawsuit regarding his care for those injuries. *See Pangallo v. Wellpath, et al.*, 3:22-CV-383-DRL-MGG (N.D. Ind. filed May 13, 2022).

4

a county jail can be sued under 42 U.S.C. § 1983 for constitutional violations as set forth in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). But such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021); *see also Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (*Monell* requires a plaintiff to show that an official policy "was the 'moving force' behind his constitutional injury"). Here, Mr. Pangallo does not outline any wrongdoing by Oaklawn or link an injury he suffered to an official policy or custom of Oaklawn. He has not alleged a plausible Fourteenth Amendment claim against this corporate defendant.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim related to his mental health treatment at the jail, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **June 17, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

May 16, 2022 *s/ Damon R. Leichty*
Judge, United States District Court