UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK D. PANGALLO,

    Plaintiff,

v.       CAUSE NO. 3:22-CV-384-DRL-MGG

WELLPATH HEALTH SERVICES *et al.*,

    Defendants.

OPINION AND ORDER

Frank D. Pangallo, a prisoner without a lawyer, was granted leave to file an amended complaint after the court concluded that his original complaint did not state a viable constitutional claim. He has now filed an amended complaint. (ECF 5.) He also moves for leave to proceed *in forma pauperis* (ECF 6), but the court already granted him leave to proceed in forma pauperis based on his earlier motion. (ECF 2, 3.) His motion will be denied as unnecessary.

Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Pangallo is

proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Pangallo is a pretrial detainee at the St. Joseph County Jail. As with his original complaint, he complains about the mental health treatment he has received at the jail and other issues.[1] He claims that he has bipolar depression, obsessive-compulsive disorder (OCD), and attention-deficit/hyperactivity disorder (ADHD). He claims that when he inquired of unnamed individuals about getting the medications he was taking prior to his incarceration, "sarcastic remarks from officers lead to my being placed in suicide watch, after being manhandled & assaulted, & placed in a confinement chair." He claims he was on suicide watch for several days, during which time he was "butt-naked in a bam-bam outfit" and had no mattress, which required him to "lay on cold steel." He further states that at some point he was prescribed the medication Seroquel, which caused "uncontrollable discomfort." He says he has not been given medication for ADHD and is experiencing problems functioning as a result. Based on these events, he sues Wellpath Health Services (Wellpath),[2] the private company that provides medical staff at

---

[1] Some of Mr. Pangallo's allegations duplicate those he has raised in another lawsuit. *See Pangallo v. Wellpath*, 3:22-CV-383-DRL-MGG (N.D. Ind. filed May 13, 2022). Specifically, he alleges in both cases that when he arrived at the jail, he had a back injury, an injury to his arm, "kidney issues," a broken clavicle, and a broken tailbone and has not been given proper care for these ailments. It is "malicious" for Mr. Pangallo to use the in forma pauperis statute to file lawsuits containing duplicative claims. *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (federal suit may be dismissed when it duplicates claims in another pending lawsuit). The court will presume that he did not intend to reassert these claims in this lawsuit and merely included some of the same information for background.

[2] He names as defendants both "Wellpath" and "Wellpath Health Services," which appears to be the same corporate entity.

the jail, and "Wellpath Nursing Personnel," seeking $1.5 million in monetary damages and injunctive relief.

Because Mr. Pangallo is a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pretrial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, pretrial detainees are entitled to constitutionally adequate medical care. *Miranda*, 900 F.3d at 353-54. To state a claim for the denial of medical care, a detainee must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" related to the provision of medical care, and that the medical care received, or the denial of medical care, was "objectively unreasonable." *Id.* In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence—even gross negligence—do not suffice. *Miranda*, 900 F.3d at 353.

As with his original complaint, many of Mr. Pangallo's allegations are quite general. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). As the court previously told him, the mere fact that he wasn't given all the same medications he was taking prior to his incarceration does not establish a constitutional violation. *See Miranda*, 900 F.3d at 353-54. He also does not

3

provide a clear account of who prescribed the Seroquel, when he took this medication, for how long, what symptoms it caused, and whether he conveyed the adverse symptoms to the medical professional who prescribed the drug. Without such information, the court cannot conclude that giving him this medication was objectively unreasonable under the circumstances.

Additionally, he has not named a proper defendant from whom he could seek damages for making decisions about his medical care that were objectively unreasonable. As to Wellpath, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, which means Wellpath cannot be held liable solely because it employs medical staff at the jail. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company providing medical care at a county jail can be sued under 42 U.S.C. § 1983 for constitutional violations as set forth in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). But such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Mr. Pangallo does not link an injury he suffered to an official policy or custom of Wellpath. Likewise, "Wellpath Nursing Staff" appears to be a group of people working at the jail, not a "person" or suable entity that can be held liable for constitutional violations under 42 U.S.C. § 1983. *See Smith v.*

4

*Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Nevertheless, the complaint can be read to allege that Mr. Pangallo is currently not receiving adequate treatment for serious mental health issues, which is impacting his ability to function. Such allegations plausibly allege the denial of his right to constitutionally adequate medical care under the Fourteenth Amendment. The Jail Warden has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate medical treatment as required by the Fourteenth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); *see also Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016) ("[T]he constitutional duty under the Eighth and Fourteenth Amendments to provide adequate health care rests on the custodian."). Mr. Pangallo will be allowed to proceed on a claim against the Warden in his official capacity for injunctive relief related to his ongoing need for mental health treatment.

Although unclear, Mr. Pangallo may be trying to assert a claim of excessive force related to his being "manhandled" and "assaulted." To establish an excessive force claim under the Fourteenth Amendment, a detainee must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. Mr. Pangallo does not name any correctional officers as defendants, nor does he provide enough detail about what happened for the

5

court to plausibly infer that any individual officer or officers used force that was objectively unreasonable under the circumstances.

He may also be asserting a claim related to his placement on suicide watch. A pretrial detainee states a valid Fourteenth Amendment claim related to the conditions of his confinement by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020), *cert. denied*, 142 S. Ct. 69 (2021). Again, negligent conduct does not violate the Fourteenth Amendment. *Miranda*, 900 F.3d at 353.

Mr. Pangallo does not identify the person who made the decision to place him on suicide watch, nor does he describe the circumstances surrounding that decision in enough detail for the court to conclude that the decision to place him there was not rationally related to a desire to protect him from self-harm. Indeed, he acknowledges in his complaint that he has serious mental health issues, including bipolar depression, and that that he has not been functioning well since he arrived at the jail. He will not be permitted to proceed on a claim related to his temporary placement on suicide watch.

For these reasons, the court:

(1) DIRECTS the clerk to add the St. Joseph County Jail Warden as a defendant;

(2) GRANTS the plaintiff leave to proceed on an official capacity claim against the St. Joseph County Jail Warden under the Fourteenth Amendment to obtain constitutionally adequate medical care for mental illnesses;

(3) DISMISSES all other claims;

(4) DISMISSES Wellpath Health Services, Wellpath, and Wellpath Nursing Personnel as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the St. Joseph County Jail Warden at the St. Joseph County Jail and to send him a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the St. Joseph County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(7) ORDERS the Warden to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(8) DENIES as unnecessary the motion to proceed *in forma pauperis* (ECF 6).

SO ORDERED.

July 1, 2022                                          *s/ Damon R. Leichty*
                                                      Judge, United States District Court